ORIGINAL

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 29 2011

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

| | |
|---|---|
| MARK RICE d/b/a<br>GAMES TO REMEMBER<br><br>Plaintiff,<br><br>v.<br><br><br>HASBRO INC., and<br>WINNING MOVES INC.<br><br><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION

FILE NO.
1:11-CV-0985

DEMAND FOR A
JURY TRIAL

## PLAINTIFF'S COMPLAINT

Mark Rice, d/b/a Games To Remember ("Rice") , Plaintiff , hereby

files this Complaint against Defendants Hasbro Inc. ("Hasbro"), and

Winning Moves Inc. ("Winning Moves"), and respectfully shows the Court

as follows:

## JURISDICTION

### 1.

This action is founded on diversity of citizenship jurisdiction, 28 U.S.C. 1332, 1392 (c) . The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### 2.

This is an action for infringement of rights granted under the Federal Trademark Act of 1946 (15 USC 1051 et seq.). Specifically, the action arises under Section 32(1) of the Act (15 USC 1114 (1) ), and seeks relief under the Section and under Sections 34 and 35 of the Act (15 USC 1116, 1117).

### 3.

This Court has jurisdiction pursuant to Section 39 of the Act (15 USC 1121) and pursuant to 28 USC 1338 (a)(b), in that this is an action arising out of the Lanham Act, 15 U.S.C. 1051-1127.

## PARTIES

### 4.

Plaintiff Mark Rice d/b/a Games To Remember ("Rice") is a sole

proprietor and resides at 48 Mountain Creek Hollow Drive, Talking Rock, Georgia 30175.

## 5.

Hasbro is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business in Pawtucket, Rhode Island.  Winning Moves is a corporation duly organized and existing under the laws of the State Of Massachusetts.  Both corporations are in the business of designing, manufacturing, and marketing of toys, games, puzzles products "for clients anywhere in the United States", and both corporations uses the Internet to advertise continuously their products and services to potential customers in Georgia, as well as in other states.   Both Hasbro and Winning Moves do business in the State of Georgia and have caused injury in the State of Georgia; and the claims asserted herein arise from Hasbro and Winning Moves transacting business in the State of Georgia.  Hasbro may be served with process at their business headquarters located at 1027 Newport Avenue, Pawtucket, Rhode Island 02862.  Winning Moves may be served with process at their business headquarters located at 75 Sylvan Street, Suite C-104, Danvers, Massachusetts 01923.

## STATEMENT OF FACTS

### 6.

Rice is engaged in the production of board games, card games and accessories. The "It's A Dog's Life" mark has been in exclusive and continuous use by Rice, on the "It's A Dog's Life" board game and related products since at least 2000.

### 7.

Rice filed an application with the United States Patent and Trademark Office ("USPTO") for the mark "It's A Dog's Life®" on April 5, 1999 for classification 028, and on June 12, 2001, Rice was granted Registration No. 2,460,233 for the trademark "It's A Dog's Life®". Rice is the owner of the trademark "It's A Dog's Life and this registration is valid, subsisting and un-canceled.

### 8.

In accordance with the provisions of 15 USC 1111, Rice's trademark, as displayed on Rice's board games, card games and accessories, is accompanied by the letter ® enclosed within a circle to provide notice that the trademark has been registered.

-Page 4-

**9.**

Rice has built his image and product line on the foundation of board games, card games, and accessories with "It's A Dog's Life"®.

**10.**

Rice has sold "It's A Dog's Life" games to specialty stores nationwide and a variety of mass market retailers.

**11.**

Since July 1, 2000  Rice has been the manufacturer of "It's A Dog's Life®" products.  Since, on or about November 1, 2000, the products have been sold under the trademark "It's A Dog's Life®". The goodwill associated with it are of considerable value to Plaintiff.

**12.**

Rice was the first person to use the trademark "It's A Dog's Life®" or any trademark similar to it, in association with board games, card games, and accessories under the classification 028, otherwise known as "games and playthings".  As a result of the continued sale by Rice of products under the trademark "It's A Dog's Life®" since on or about November 1, 2000, the trademark has become widely known and Rice has become

identified in the public mind as the manufacturer of the products to which it is applied.

**13.**

As a result of the long experience, care and skill of Rice in producing products under the trademark "It's A Dog's Life®", it has not only become widely known, but has also acquired a reputation for excellence.

**14.**

Plaintiff has built up and now has valuable good will connected with its business, and this good will is symbolized by Rice's trademark.

**15.**

Rice has widely advertised and promoted in interstate commerce its products, identified by the above-mentioned trademark, expending substantial sums in such advertising and promotion. Among other things, Plaintiff uses the "It's A Dog's Life"® Mark to advertise and market its product over the internet.

**16.**

On or about February 14, 2011, the defendants Hasbro and Winning Moves began selling a board game "It's A Dog's Life" to retailers and customers nationwide.

-Page 6-

**17.**

In 2011,  long after the adoption and widespread use of the trademark by Rice, and long after the trademark had been registered in the United States Patent and Trademark Office, the defendants Hasbro and Winning Moves with intentional disregard of plaintiff's rights, began the manufacture, distribution and sale in interstate commerce of the board game under the name that is exact to that of Rice's, namely, "It's A Dog's Life".

**18.**

For over 10 years prior to the defendant's Hasbro and Winning Moves activities complained of herein, the defendant's Hasbro and Winning Moves have known of the use of Rice's trademark "It's A Dog's Life"  to identify Rice's marketing of games and playthings, and the defendant's Hasbro and Winning Moves  have had constructive notice under 15 USC 1072 of Rice's claim of ownership of Rice's trademark "It's A Dog's Life"  for the products specified in the United States registrations.

**19.**

By the use of the name "It's A Dog's Life", the defendant's Hasbro and Winning Moves  are misleading the public into believing that

Defendant's product is manufactured by Rice, thereby depriving Rice of the benefit of the good will attached to Rice's product.

**20.**

The use of the mark "It's A Dog's Life" by the defendant's Hasbro and Winning Moves is likely to induce persons to buy, use and recommend the defendant's products when instead they intend to buy, use, and recommend Rice's products.  Such deception and mistake will cause great damage to Rice and erode the good will that Rice has developed.

**21.**

In selecting and using the word "It's A Dog's Life" in connection with the sale, offering for sale, distribution, advertising, and promotion of board games, the defendant's Hasbro and Winning Moves  have acted and are acting with the purposes of taking the benefit of the favorable reputation and valuable good will which Rice has established in his trademark, and causing the products and business of the defendant's Hasbro and Winning Moves to be palmed off as made, authorized, sponsored, or endorsed by or otherwise connected with Rice.

**22.**

Rice is informed and believes, and based on such information and belief alleges, that the use by the defendant's Hasbro and Winning Moves of Rice's trademark was, and is, deliberate, and that the defendant's Hasbro and Winning Moves have used and continue to use Rice's trademark for the purpose of giving the defendant's Hasbro and Winning Moves products consumer appeal and salability, by usurping Rice's own reputation and good will, which the defendant's Hasbro and Winning Moves board game otherwise would not have.

**23.**

The defendant's Hasbro and Winning Moves use of the above name "It's A Dog's Life" on its products is likely to deceive purchasers as to the source of the defendant's Hasbro and Winning Moves goods, in that the trade and the public are likely to believe that the goods sold by the defendant's Hasbro and Winning Moves originate with Rice or with a business which has a legitimate connection with Rice.

**24.**

The defendants Hasbro and Winning Moves use of "It's A Dog's Life" on board games constitutes infringement of Rice's trademark.

-Page 9-

**25.**

As a result of the infringement of Rice's trademark, Rice has been damaged in the amount of the profits realized by the defendant's Hasbro and Winning Moves  from the sale of the board games under the name "It's A Dog's Life".

**26.**

On February 16, 2011, Rice notified the defendant's Hasbro and Winning Moves in writing that the defendant's Hasbro and Winning Moves were infringing on Rice's trademark, and demanded that the defendant's Hasbro and Winning Moves  cease using the trademark "It's A Dog's Life" in association with board games.  Despite Rice's written demand that the defendant's Hasbro and Winning Moves discontinue use of the imitation of Rice's trademark "It's A Dog's Life", the defendant's Hasbro and Winning Moves have refused to comply with this request; at present, the defendant's Hasbro and Winning Moves continues to use the imitation of Rice's trademark in the marketing of board games.

**27.**

Defendants have engaged in the unauthorized licensing of the Mark "It's A Dog's Life" to third parties with false and misleading statements that

suggest they own the rights to the "It's A Dog's Life" Mark. Said licensing agreements involve a variety of products; games, and other products not yet identified. As evidenced by its licensing agreements with third parties for the use of "It's A Dog's Life", Defendants' have used and continue to use the Plaintiff's "It's A Dog's Life" Mark with the specific intent of exploiting the good will associated with Plaintiff's "It's A Dog's Life" Mark.

**28.**

Defendant's continue to manufacture, sell, and market related board games to benefit from the unauthorized use of Plaintiff's "It's A Dog's Life" Mark.

**29.**

This action arises under the Trademark Act of 1946 (15 USC 1051 et seq.), and particularly under Sections 32, 34, and 35 of the Act (15 USC 1114, 1116, 1117), as more fully appears in this complaint.

**30.**

The acts of the defendant's Hasbro and Winning Moves constitute unfair competition and an infringement of Rice's common-law rights in the mark "It's A Dog's Life".

**31.**

The exact amount of profits made by the defendant's Hasbro and Winning Moves as a result of Defendant's infringement of Rice's trademark is unknown to Rice and cannot be ascertained without an accounting.

**32.**

The infringement by the defendant's Hasbro and Winning Moves of Rice's trademark, as described above, is causing irreparable injury to Rice's trade, business reputation and good will. The infringement by the defendant's Hasbro and Winning Moves of Rice's trademark will continue to cause injury and expense to Rice unless the defendant's Hasbro and Winning Moves is restrained by order of this Court from further infringement of Rice's trademark.

**33.**

On information and belief, Rice alleges that the defendant's Hasbro and Winning Moves intend to continue and expand the uses of the name "It's A Dog's Life" and derivative names using "Dog's Life" in the United States.

**34.**

Rice has been seriously damaged by the defendant's Hasbro and Winning Moves activities complained of herein, and unless the defendant's Hasbro and Winning Moves activities complained of herein are preliminarily and permanently enjoined, Rice and its good will and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated or compensated in money damages.

**35.**

Unless the injunction sought in this action is granted, the defendant's Hasbro and Winning Moves will continue to infringe on Rice's trademark and cause irreparable injury to Rice from loss of profits and deprivation of the benefit of the good will that is attached to Rice's trademark.

**36.**

Rice has no plain, speedy or adequate remedy at law.

## COUNT I

## TRADEMARK INFRINGEMENT

Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth here.

**37.**

Upon information and belief, Defendant's have unlawfully used marks that are confusingly similar and identical to the "It's A Dog's Life" Mark and such use constitutes trademark infringement in violation of the Federal Trademark Act of 1946, specifically 15 USC 1114 (1).

**38.**

As a result of Defendant's wrongful acts, Plaintiff is entitled to injunctive relief and other remedies under Federal law.

## COUNT II

## UNFAIR COMPETITION

Paragraphs 1 through 38 are incorporated herein by reference as though fully set forth here.

**39.**

Plaintiff, by virtue of his prior adoption and use in interstate commerce of the "It's A Dog's Life" Mark in this judicial district, has acquired, established, and owns common law trademark and service mark rights in the "It's A Dog's Life" Mark, which serve to identify to the public certain goods and services that are offered by Plaintiff alone, and the goods and services offered in connection with the Mark are regarded by the public

as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Plaintiff.

**40.**

Defendant's have intentionally and unlawfully copied and used the "It's A Dog's Life" Mark, without authorization, for the calculated purpose of passing off their goods and services as those of Plaintiff, or trading upon the significant goodwill and reputation of Plaintiff, and of deceiving the public as to the true nature and characteristics of Defendant's production, all to Defendant's profit and to the damage and detriment of Plaintiff to be determined at trial.

**41.**

Defendant's past and continued use of the "It's A Dog's Life" Mark constitutes copying and imitation of the "It's A Dog's Life" Mark, falsely designates the origin of Defendant's goods and services, and is likely to cause consumer confusion, mistake or deception.

**42.**

Defendant's aforesaid acts constitute unfair competition with Plaintiff in violation of Plaintiff's rights at common law. Such use has also caused

Rice irreparable harm, and Rice will continue to be irreparably harmed unless and until defendant's unlawful conduct is enjoined.

## COUNT III

## VIOLATIONS OF 15 USC 1125(a)

Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth here.

### 43.

The unauthorized use of Plaintiff's "It's A Dog's Life" Mark by Defendant's in conjunction with its goods is a deliberate attempt to imitate unlawfully Plaintiff's Mark and brand name, but also an attempt to imply falsely Plaintiff's sponsorship of Defendant's goods. Accordingly, the false, misleading and infringing activities of Defendant's are likely to cause confusion among the general public and in the trade as to the origin or sponsorship of Defendant's infringing goods.

### 44.

Defendant's aforesaid acts constitute a false designation of origin and false representation of goods introduced into interstate commerce, in violation of the Federal Trademark Act of 1946, specifically 15 USC 1125(a).

**45.**

Defendant's wrongful actions constitute unfair competition and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

**46.**

By virtue of Defendant's violation of 15 U.S.C. 1125(a), Plaintiff is entitled to an award of Defendant's profits, three times actual damages sustained by Plaintiff, and the costs of this action, 15 U.S.C. 1117(a).

**47.**

By virtue of the allegations set forth above, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. 1116 and attorney's fees as provided by 15 U.S.C. 1117(a).

## COUNT IV

## DILUTION

Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth here.

**48.**

Defendant's Hasbro and Winning Moves use of "It's A Dog's Life" in connection with a board game has caused and will continue to cause dilution of the distinctive quality of the Plaintiff's "It's A Dog's Life" mark.

**49.**

Rice is informed and believes that Defendant's Hasbro and Winning Moves used the "It's A Dog's Life" mark with the willful intent to trade on Rice's reputation and/or to cause dilution of Rice's "It's A Dog's Life" mark in violation of 15 U.S.C. 1125(c).

**50.**

As a result of Defendant's Hasbro and Winning Moves unlawful and willful dilution of the distinctive quality of Rice's "It's  A Dog's Life" mark, Rice has been damaged in an amount to be determined at trial. Such dilution has also caused Rice irreparable harm, and Rice will continue to be irreparably harmed unless Defendant's Hasbro and Winning Moves unlawful conduct is enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

a.    The defendant's Hasbro and Winning Moves  be required, pursuant to 15 USC 1117, to account to Rice for all gains, profits, and advantages derived from its unlawful activities, such amount to be trebled pursuant to 15 U.S.C. 1117(a) by virtue of defendant's Hasbro and Winning Moves willful conduct;

b.     The  defendant's Hasbro and Winning Moves pay over to Rice

all the profits realized by the defendant's Hasbro and Winning Moves

from sales of the board games under the name "It's A Dog's Life" or any

imitation of Rice's trademark, including but not limited to "Dog's Life".

c.     Rice receives from the defendant's Hasbro and Winning Moves

all damages sustained by Rice as a result of the infringement by the

defendant's Hasbro and Winning Moves of Rice's trademark, as provided by

15 USC 1117;

d.     For temporary, preliminary and permanent injunctions

restraining and enjoining defendant's Hasbro and Winning Moves, its

officers, agents, servants and employees, and those persons in active concert

or participation with it, from using the "It's A Dog's Life" mark, or any

variation thereof, in connection with its board games, advertising, operation,

and marketing materials.

e.     The  defendant's Hasbro and Winning Moves be required to

deliver to Rice, or to such person as the Court  may designate, all board

games, sales flyers, packages, and advertisements in the possession of the

defendant's Hasbro and Winning Moves, bearing the mark "It's A Dog's

Life" or any imitation of the mark "It's A Dog's Life", including "Dog's Life" for destruction;

     f.    Rice have and recover from the defendant's Hasbro and Winning Moves treble the damages sustained by Rice, as provided by 15 USC 1117.

     g.    Rice receive his costs incurred in this action;

     h.    Rice receive such other and further relief as may be just and proper; and

     i.    Demand for a jury trial.


DATED this 28th day of March, 2011.

 

 

_____
MARK RICE, Pro Se Plaintiff
 d/b/a Games To Remember
48 Mountain Creek Hollow Drive
Talking Rock, Georgia  30175
(770) 844-5678

## COMPLIANCE CERTIFICATE PURSUANT TO LR 7.1

Pursuant to LR 7.1D, this is to certify that the foregoing

PLAINTIFF'S COMPLAINT complies with the font and point selections

approved by the Court in LR 5.1C. Undersigned further certifies that this

document was prepared using Times New Roman font, 14 point.

This 28th day of March, 2011.

Mark Rice, Pro Se Plaintiff
d/b/a Games To Remember
48 Mountain Creek Hollow Dr.
Talking Rock, GA.  30175
(770) 844-5678